```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
JOHN GORMAN,                                                 :
                                                             :
                                  Plaintiff,                 :    13 Civ. 6486 (KPF)
                                                             :
                     v.                                      :    OPINION AND ORDER
                                                             :
COVIDIEN SALES, LLC, et al.,                                 :
                                                             :
                                  Defendants.                :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 31, 2014

KATHERINE POLK FAILLA, District Judge:

Plaintiff John Gorman brought this action against Defendants Covidien Sales, LLC ("Covidien") and Dale Kelly to recover damages for alleged discrimination on the basis of military status and medical disability, retaliation, and intentional infliction of emotional distress during his employment at Covidien. Defendants now move to amend their answer to assert an additional affirmative defense of after-acquired evidence. For the reasons set forth in this Opinion, the motion is GRANTED.

## BACKGROUND[1]

### A.    Factual Background

Depending on whether one credits Plaintiff or Defendants, Plaintiff began working for Covidien either as a salesperson in 1999, or as an Imaging Account Manager for a predecessor company in 2001, ultimately rising to the position of

---

[1]  The facts set forth herein are taken from the Complaint ("Complaint"), included as part of the Notice of Removal (Dkt. #1), and the Answer (Dkt. #2), as well as the exhibits to the parties' briefs relating to the instant motion. For convenience, the parties' memoranda of law will be referred to as "Def. Br.," "Pl. Opp.," and "Def. Reply."

Regional Sales Manager for Covidien. (Complaint ¶¶ 4, 11; Answer ¶ 11). Prior to working for Covidien, Plaintiff served in the United States Navy between 1987 and 1991, and Plaintiff alleges that he suffers from Post-Traumatic Stress Disorder ("PTSD") stemming from this service. (Complaint ¶¶ 7-8). In October 2012, Defendant Kelly began supervising Plaintiff. (*Id.* at ¶ 14). Plaintiff alleges that in May 2013 he and Kelly had a conversation in which Plaintiff revealed that he was a military veteran who had served in the Gulf War and had difficulty following his service, and in which Kelly made disparaging comments about Plaintiff and other military veterans. (*Id.* at ¶¶ 21-35).

Despite having received a number of acknowledgements of success from Covidien prior to May 2013 (*see* Complaint ¶¶ 12, 15-16, 29), shortly after this alleged encounter, Plaintiff began to receive negative evaluations and increased oversight from Kelly and other superiors at Covidien (*id.* at ¶¶ 28, 33; Answer ¶¶ 28, 33). Plaintiff alleges that increased stress from negative interactions in the workplace and burdensome scrutiny forced him to begin psychological treatment and take a three-week leave of absence. (Complaint ¶¶ 41-46). On August 1, 2013, Covidien's internal ombudsman declined to substantiate Plaintiff's internal complaints. (*Id.* at ¶ 47; Answer ¶ 47).

B.   **The Instant Litigation**

On August 9, 2013, Plaintiff filed suit against Defendants in New York Supreme Court, alleging violations of New York State and New York City employment law, as well as intentional infliction of emotional distress. (*See* Complaint). On September 13, 2013, Defendants removed the action to the

2

Southern District of New York on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (*See* Dkt. #1). During the course of discovery, Plaintiff acknowledged to Defendants that he had recorded certain telephone calls with Kelly and others. (*See* Def. Br., Ex. A (Gorman Deposition)). Plaintiff maintains that he began recording the conversations only after his initial complaints were met with hostility, and that the recordings were necessary to protect himself in the event of further adverse activity. (Pl. Opp. ¶¶ 19, 22, 24).

Plaintiff produced his recordings on February 18, 2014, the day before his February 19 deposition in this case. (Def. Br., Ex. A). Three weeks after the deposition, on March 12, 2014, Defendants sent a letter to Plaintiff requesting Plaintiff's consent to amend their answer and attaching a proposed amended answer. (*Id.* at Ex. C). After Plaintiff informed Defendants on March 31, 2014, that he would not consent, Defendants filed the instant motion on April 21, 2014, to amend their Answer to assert an additional defense based upon the after-acquired evidence doctrine. Plaintiff filed his opposition on June 20, 2014, and the motion was fully briefed upon Defendants' reply on June 26, 2014. The Court now considers the motion.

## DISCUSSION

**A.     Applicable Law**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman* v. *Davis*, 371 U.S. 178, 182 (1962) (instructing that

3

the mandate that leave to amend should "be freely given when justice so requires … is to be heeded" (internal quotation marks omitted)); *Ruffolo* v. *Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  "[I]t is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra* v. *Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).  Moreover, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  *Block* v. *First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  When determining whether to grant leave to amend, district courts consider: (i) whether the party seeking the amendment has unduly delayed; (ii) whether that party is acting in good faith; (iii) whether the opposing party will be prejudiced; and (iv) whether the amendment will be futile.  *See Foman*, 371 U.S. at 182; *see also Gormin* v. *Hubregsen*, No. 08 Civ. 7674 (PGG), 2009 WL 35020, at *1 (S.D.N.Y. Jan. 6, 2009) (granting motion).

Because this Court has already filed a scheduling order that limits the parties' ability to amend the pleadings (*see* Dkt. #8), "the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement in Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski* v. *Phx. Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting older versions of Federal Rules of Civil Procedure 15(a) and 16(b)), *cited in Holmes* v. *Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009).  Whether good cause exists requires the court to inquire into the "diligence of the moving party." *Id.* at

4

335.  Diligence of the moving party "is not, however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner* v. *2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).  Of course, it remains "proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile." *Hunt* v. *Alliance N. Am. Gov't Income Trust, Inc.*, 159 F.3d 723, 728 (2d Cir. 1998).

B. **The Motion to Amend Is Granted**

   1. **Defendants Have Acted in Good Faith, Have Not Unduly Delayed, and Have Good Cause for the Amendment**

Defendants delayed exactly three weeks between Plaintiff's deposition and their request for Plaintiff's consent to the amendment, and between Plaintiff's refusal and their filing of the instant motion.  During the first of those periods Defendants produced an amended answer that took this new information into account, and during the second period Defendants produced a brief in support of their motion.  There is nothing in this record to suggest any unwarranted delay or lack of diligence on the part of Defendants, nor any improper motive behind their request or motion.  In similar circumstances courts have countenanced far longer delays.  *See, e.g., McGinnis* v. *N.Y. Univ. Med. Ctr.*, No. 09 Civ. 6182 (RMB), 2012 WL 251961, at *5 (S.D.N.Y. Jan. 25, 2012) (finding that "Defendant did not unduly delay in seeking to amend its answer" where it waited over seven weeks after the deposition and over six months after the first revelation of the alleged misconduct).  Accordingly, the

5

Court finds that Defendants have shown good cause for the amendment and have not unduly delayed or acted other than in good faith.

2. **Any Prejudice to Plaintiff Can Be Remedied**

"The Second Circuit has made clear that prejudice to the non-moving party is a key inquiry under the Rule 15(a) and Rule 16(b) analyses." *Affiliated FM Ins. Co.* v. *Liberty Mech. Contractors, Inc.*, No. 12 Civ. 5160 (KPF), 2013 WL 4526246, at *6 (S.D.N.Y. Aug. 27, 2013) (citing *Kassner*, 496 F.3d at 244-45). Given that fact discovery concluded on June 27, 2014 (*see* Dkt. #15), there is a risk that Plaintiff might face prejudice from his inability to obtain discovery on the typical employment consequences of breach of the employee handbook. However, any such prejudice can be remedied by briefly reopening discovery for this limited purpose. *See McGinnis*, 2012 WL 251961, at *5 ("Nor would Plaintiff be unduly prejudiced by Defendant's amendment because discovery will likely be re-opened to accommodate Plaintiff's retaliation claim."). Accordingly, the Court finds that allowing Defendants to amend their answer will not cause prejudice to Plaintiff.

3. **The Proposed Amendment Is Not Futile**

"If a proposed amendment seeks to add a defense, which is obviously insufficient for the purpose for which it is offered, so that the amendment will be a useless act, the court will not grant such an amendment." *Credit Suisse First Bos., LLC* v. *Intershop Commc'ns AG,* 407 F. Supp. 2d 541, 546 (S.D.N.Y. 2006) (internal citation and quotation marks omitted). Defendants' proposed amendment adds a defense of after-acquired evidence. Such a defense asserts

6

that, even if an employee was improperly fired at the time, subsequently revealed evidence of wrongdoing provides nondiscriminatory justification for their termination. Although the defense of after-acquired evidence cannot dispose of Plaintiff's claims in their entirety, the defense is relevant to the award of damages and remedies, as a successful defense renders front pay and reinstatement improper. See McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 360-62 (1995) ("[Although] [t]he employer could not have been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason[,] ... as a general rule in cases of this type, neither reinstatement nor front pay is an appropriate remedy."). Because the proposed amendment is not obviously insufficient for the purpose of limiting damages and remedies, the Court finds that the proposed amendment is not futile.

## CONCLUSION

For the foregoing reason, Defendants' motion to amend is GRANTED. Defendants are directed to file their amended answer on or before **January 19, 2015**. The Clerk of Court is directed to terminate Docket Entry 9.

The parties are ordered to appear before the Court for a status conference on **January 20, 2015, at 3:00 p.m.**

SO ORDERED.

Dated: December 31, 2014
       New York, New York

                                                KATHERINE POLK FAILLA
                                                United States District Judge